WIENER, Circuit Judge, specially
concurring:
Because I too would affirm dismissal, albeit on grounds of mootness rather than lack of ripeness, I concur in the judgment of panel majority. With due respect, however, I must disagree with the reasoning and analysis that leads the panel majority to affirm the district court’s ripeness dismissal. First, the district court’s decision that Miguel’s denial of admission by lawyers for the District did not produce a ripe cause of action is a conclusion of law that we review de novo, not a factual one reviewed for clear error: There are no contested issues as to the discrete fact on which the district court’s legal conclusion regarding ripeness was based, i.e., no disagreement about who said or wrote what to whom and when. The separate question whether, for ripeness purposes, those discrete facts constitute an actionable denial of admission by or on behalf of the District is undeniably a question of law which I would answer by holding that the lengthy, clear and unequivocal written denials of little Miguel’s application for admission to public school, one denial written by inside counsel and the other written by outside counsel for the District, were sufficiently firm and unconditional (never even bothering to mention to Zepeda or her counsel that those refusals were appeal-able to and reversible by the Board) to make Zepeda’s cause of action ripe when it was filed, long before the Superintendent returned from vacation and reversed the lawyers’ denial of admission. It was at that point that Zepeda’s lawsuit became moot, making the district court’s subsequent dismissal affirmable — but only on grounds of mootness.